SMITH (CLASON v.). See Case No. 2,868.

SMITH (CLEAVELAND v.). See Case No. 2,874.

---

## Case No. 13,029.

SMITH et al. v. COLEMAN et al.

[2 Cranch, C. C. 237.] [1]

Circuit Court, District of Columbia. April Term, 1821.

DEPOSITION—NAME IN CAPTION—NOTICE— PRACTICE.

1. If the name of one of the defendants be omitted in the caption of a deposition, it cannot be read in evidence in the cause.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

2. It is not necessary that the magistrate who takes a deposition under the act of congress [3 Stat. 350], should certify that the opposite party had no attorney within one hundred miles of the place of caption, in order to excuse the want of notice.

3. If the defendant call upon the plaintiff to produce a certain account at the trial, and, when produced, refuses to read it, in evidence, the plaintiff cannot read it to the jury, in evidence, because called for by the defendant.

[Cited in Griffin v. Jeffers, Case No. 5,817.]

[This was an action by Joseph Smith & Son against George Coleman and others.]

This was a cause transmitted from Alexandria county, for trial in this county.

Mr. Key, for defendants, objected to the deposition of Charles H. Hall, because it does not appear to be taken in this cause,—the name of James Anderson, one of the defendants, having been omitted in the caption.

Mr. Jones, contra. On an indictment for perjury, it might be averred that the deposition was made in this cause, notwithstanding the omission of the name. So, in special pleading, it might be averred to be taken in this suit, and proved by parol.

THE COURT (nem. con.) rejected the deposition, because it did not appear to be taken in a cause in which James Anderson is a defendant.

Mr. Key also objected to the deposition of David Seldon, because the judge had not certified that the defendants had no attorney within one hundred miles of the place of caption. He had certified that no notice was given to the adverse parties, because they were within one hundred miles, but said nothing of their attorney.

THE COURT (nem. con.) overruled the objection, because the judge was not required, by the act of congress, to give any reason for not giving notice; and, if he had, his certificate would not be conclusive evidence of the fact that neither the party nor his attorney was within one hundred miles of the place of caption. The defendants, not having had notice, may object, on that ground, and the plaintiffs may show, in fact, that neither the defendants nor their attorney were within the one hundred miles, &c.

The defendants having given notice to the plaintiffs to produce a certain account at the trial, and the plaintiffs having produced it accordingly, the defendants declined to use it; whereupon the plaintiffs offered to read it, in evidence, to the jury. To this the defendants objected, and

THE COURT (nem. con.) sustained the objection, and refused to permit the plaintiffs to read it to the jury. The plaintiffs became nonsuit, but the court permitted the cause to be reinstated, upon payment of the costs of the term.

The cause, at a subsequent term, was, by consent, returned to the Alexandria docket.